IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3388-FL

| MATTHEW RAY HUNDLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| KENO WHITE, GAVIN LOWRY, and SGT. STEVEN TUBBS | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions for summary judgment (DE 34) pursuant to Federal Rule of Civil Procedure 56 and to seal materials filed in support thereof (DE 39). Plaintiff responded in opposition to the motion for summary judgment and in this posture the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint October 26, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants assaulted him during an altercation at the Lumberton Correctional Institution ("LCI"), in violation of the Eighth Amendment to the United States Constitution. In addition, plaintiff alleges claims for failure to protect him from harm, in violation of the Eighth Amendment, and for assault and battery under state law. Defendants, sued in their individual capacities, are Keno White ("White"), Gavin Lowry ("Lowry"), and sergeant Steven Tubbs ("Tubbs"), all of whom were correctional officials at the LCI during the relevant time period. As

relief, plaintiff seeks compensatory and punitive damages, and various forms for injunctive relief.

Following a period of discovery, and in accordance with the case management order, defendants filed the instant motion for summary judgment. Defendants argue that their conduct did not amount to constitutional violations and that they are entitled to qualified immunity as to the federal claims. For the state law claim, defendants assert public officer immunity under North Carolina law, and alternatively that the court should decline to exercise supplemental jurisdiction.

In support, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) declaration of Brandon Oxendine, a sergeant at LCI; 2) incident reports regarding the use of force; 3) plaintiff's administrative grievances related to the incident; 4) disciplinary actions form; 5) LCI policies and procedures regarding use of force and search/seizures; 6) declaration of Amy Larosa, a medical records manager with the Department of Adult Correction ("DAC"); 7) plaintiff's medical records from the relevant timeframe; 8) declaration of defendant Lowry; and 9) declaration of defendant White.[1] Defendants also filed the instant motion to seal their appendix of exhibits and statement of material facts in their entirety.

Plaintiff responded in opposition to the motion, relying upon his personal affidavit and statement of disputed material facts. Plaintiff does not oppose defendants' motion to seal.

## STATEMENT OF FACTS

The court recounts the facts in the light most favorable to plaintiff. On July 20, 2021, plaintiff was on LCI's west recreation field when defendants White and Lowry approached him to address report that plaintiff was in possession of controlled substances. (Pl's Aff. (DE 45-1) at 2;

---

[1] Defendants White and Lowry attached the same policies and incident reports appended to the Oxendine declaration.

White Decl. (DE 37-13) ¶ 13).[2]  Defendants White and Lowry handcuffed plaintiff and escorted him to a holding cell, where they proceeded to conduct a "complete" search of plaintiff's body. (Pl's Aff. (DE 45-1) at 2; White Decl. (DE 37-13) ¶¶ 13, 15). Defendant Tubbs was present in the cell and he supervised the search.  (Pl's Aff. (DE 45-1) at 2).

Plaintiff was compliant with defendants' efforts to search him, and the search did not result in recovery of any contraband.  (Id.).[3]  Nonetheless, and without provocation, defendants White and Lowry proceeded to "punch[], kick[], and hit [plaintiff] in the face, while defendant Tubbs stood and watched." (Id.). Plaintiff "was struck with multiple punches [on his] head" and in other places.  (Id.).  In addition, defendant White "stomped the left side of [plaintiff's] ribcage and drove his knee into [plaintiff's] back" while an unidentified officer "drove [plaintiff's] head into the concrete [floor]."  (Id.).  For the entire incident, plaintiff "never resisted, became non-compliant, or threaten[ed] the officers in any fashion [nor did he] break any prison rules."  (Id.). Plaintiff instead stayed on the floor and tried to protect himself from the assault.  (Id.).  Plaintiff's injuries included a cut above his left eye, a bruise, and "severely bruised ribs."  (Id.).

## DISCUSSION

A.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

---

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

[3] Defendants dispute the assertion that no contraband was found, together with plaintiff's account of the use of force that followed.  (See Defs' Stmt. (DE 38) ¶¶ 21–41; White Decl. (DE 37-13) ¶¶ 13–25; Lowry Decl. (DE 37-9) ¶¶ 11–21).

3

Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[4]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace

---

[4] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

    2.    Analysis

Defendants raise the affirmative defense of qualified immunity. The qualified immunity analysis proceeds in two steps, which the court "may address in whichever sequence will best facilitate the fair and efficient disposition of the case." Pfaller v. Amonette, 55 F.4th 436, 444 (4th Cir. 2022). First, the plaintiff must show a violation of a constitutional right. Id.; Stanton v. Elliot, 25 F.4th 227, 233 (4th Cir. 2022). Second, defendants bear the burden of showing the right at issue was not "clearly established" at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231 (2009); Stanton, 25 F.4th at 233.

The court begins with the first prong as to plaintiff's two federal claims: excessive use of force against defendants White and Lowery, and defendant Tubbs' alleged failure to protect him from harm. With respect to the excessive force claim, the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, the inmate must establish that the force used was "nontrivial" or more than "de minimis." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 10 (1992).

5

To satisfy the subjective prong, the inmate must show a prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). In an excessive force case, "the state of mind required is wantonness in the infliction of pain." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). The relevant inquiry for the subjective prong is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing harm." Whitley, 475 U.S. at 320–21; Brooks, 924 F.3d at 113.

Here, defendant has offered sufficient evidence to withstand summary judgment on his excessive force claim. As set forth above, plaintiff attests in a sworn filing[5] that defendants White and Lowry repeatedly punched, kicked, and otherwise assaulted him while he was on the floor and not resisting. (Pl's Aff. (DE 45-1) at 2). Plaintiff also states that the use of force was unprovoked, and that he was not refusing to obey prison rules in the moments leading up to same. (See id.). With respect to the first prong, such use of force is obviously nontrivial. See Alexander v. Connor, 105 F.4th 174, 177, 182 (4th Cir. 2024) (similar use of force deemed nontrivial); compare Dean v. Jones, 984 F.3d 295, 303 (4th Cir. 2021) (holding "a sustained blast of pepper spray" is nontrivial). And a reasonable jury could conclude that the use of force was malicious. See id. at 304–06 (concluding pertinent factors weighed in plaintiff's favor where plaintiff attested in sworn filing that he was "fully subdued and non-resistant" in the seconds leading up to the use of force).

---

[5] Plaintiff's does not invoke the phrase "sworn under penalty of perjury" in his affidavit. (See Pl's Aff. (DE 45-1)). The affidavit, however, was "sworn and subscribed" before a notary, who stamped the filing in accordance with North Carolina law. See N.C. Gen. Stat. § 10B-43(a); N.C. Gen. Stat. § 10B-3(2)(C), (14)(c) (describing requirements for notarial act to satisfy "vow of truthfulness on penalty of perjury"). The United States Court of Appeals for the Fourth Circuit treats such documents as sworn under penalty of perjury for purposes of opposing summary judgment. See Jones v. Solomon, 90 F.4th 198, 206 n.7 (4th Cir. 2024).

Defendants do not attempt to apply the relevant Eighth Amendment standard to plaintiff's version of the incident. Instead, they essentially contend that plaintiff cannot offer admissible evidence to create a genuine dispute of fact, and they offer in support their own version of the facts. (See Def's Mem. (DE 38) at 7–9). While the court acknowledges that defendants likely did not use excessive force under their version of the facts, that is not the inquiry on summary judgment. In this procedural posture, the court must adopt plaintiff's sworn version of the facts. See Anderson, 477 U.S. at 255; Alexander, 105 F.4th at 178–80, 183. And under that version, plaintiff offers sufficient evidence to create a triable issue of fact for the reasons explained above.

To the extent defendants argue plaintiff cannot establish the objective component of his claim where his injuries were "de minimis," that also is not the correct standard. Instead, as noted above, the standard for the objective prong is whether the force used was more than de minimis, not whether the plaintiff's injuries qualified as such. Dean, 984 F.3d at 303. Plaintiff clears that hurdle where repeated punches and kicks are more than de minimis uses of force. See id.; Alexander, 105 F.4th at 177, 182.

Plaintiff also alleges defendant Tubbs failed to protect him from the assault. The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. Under the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). "[T]o demonstrate a violation of the Eighth Amendment [in this context], a prisoner must satisfy two requirements – first he must demonstrate the deprivation was, 'objectively, sufficiently serious,' and second he must show the prison official had a sufficiently culpable state of mind." Ford v. Hooks, 108 F.4th 224, 230 (4th

Cir. 2024) (quoting Farmer, 511 U.S. at 834). Under the first prong, "a prisoner must establish . . . a serious or significant physical or emotional injury" or that "he was incarcerated under conditions posing a substantial risk of serious harm." Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014).

The "state of mind must be at least deliberate indifference to the inmate's health or safety." Ford, 108 F.4th at 230. The deliberate indifference prong requires a showing that defendant knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837–38; Danser, 772 F.3d at 347. A plaintiff may establish deliberate indifference by producing direct evidence showing the prison official had actual knowledge of the risk and failed to protect him. Farmer, 511 U.S. at 842–43. The official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

With respect to the objective prong, defendants argue that plaintiff's medical records do not substantiate a "serious or significant physical injury," noting that the x-ray of plaintiff's ribs was "completely normal." (Def's Mem. (DE 38) at 10 (citing Medical Records (DE 37-8) at 24–35; Defs' Stmt. (DE 35) ¶ 44)). Plaintiff, however, attests that he suffered "severely bruised ribs," (Pl's Aff. (DE 45-1) at 2), and the medical records indicate that he received an intramuscular injection of Toradol for the pain. (Medical Records (DE 37-8) at 27). Generally, a medical condition that has been diagnosed by a physician as mandating treatment is sufficient to create a

triable issue of fact on the objective prong. See Iko, 535 F.3d at 241. The fact that the x-ray was normal does not preclude finding that plaintiff suffered from an objectively serious medical condition. See id.

But even assuming that plaintiff's evidence regarding his injury is insufficient, defendants do not address the substantial risk of injury component of the analysis. See Hammock v. Watts, 146 F.4th 349, 361 (4th Cir. 2025) (concluding inmate pleaded sufficient facts to show substantial risk of serious harm independent of any actual injury and noting correctional officials "may not ignore a dangerous condition of confinement on the ground that the complaining inmate shows no serious current symptoms"); Younger v. Crowder, 79 F.4th 373, 382 n.13 (4th Cir. 2023) (distinguishing serious injury and substantial risk showings as independent inquiries and suggesting this is required by Farmer). Failing to act while correctional officers commit a serious, unprovoked assault on an inmate at a minimum establishes plaintiff was incarcerated under conditions presenting "a substantial risk of serious harm." See Hammock, 146 F.4th at 361; Younger, 79 F.4th at 382 n.13.

As for the deliberate indifference prong, plaintiff attests that defendant Tubbs was in the cell when defendants White and Lowry attacked him without provocation and severely beat him while he was lying on the floor and not resisting. (Pl's Aff. (DE 45-1) at 2). Defendant Tubbs offers no evidence that he attempted to intervene to stop the beating or that he summoned assistance from other officers. Thus, he has not shown that he was unaware of the risk to plaintiff or that he responded reasonably to same. See Farmer, 511 U.S. at 842–44; Koon v. North Carolina, 50 F.4th 398, 407 (4th Cir. 2022). Instead, like defendants White and Lowry, defendant Tubbs asks the court to adopt his version of the facts, in which he supervised a calculated and

9

limited use of force in response to plaintiff's attempts to destroy contraband and otherwise resist the search. (Def's Mem. (DE 38) at 11). While such a defense may prevail at trial, the court cannot credit this account at summary judgment. See Alexander, 105 F.4th at 178–80, 183.

In sum, plaintiff's affidavit is sufficient to establish genuine disputes of material fact on both federal constitutional claims in this action. As a result, defendants are not entitled to qualified immunity on the basis of the first prong. Pfaller, 55 F.4th at 444.

With respect to the second, "clearly established" prong, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 170 (4th Cir. 2016). "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018). And court "must define the right in light of the specific context of the case, not as a broad general proposition." Younger, 79 F.4th at 385. This "do[es] not require a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

Taking plaintiff's version of the facts as true, it was clearly established at the time of the incident here that officers cannot "maliciously use[] force against an inmate who has been subdued" and is not resisting the officers, including by "kicking and punching" such an inmate. See Dean, 984 F.3d at 310–11; Thompson v. Commonwealth of Va., 878 F.3d 89, 102–05 (2017). Notably, in undertaking the clearly established analysis in this context, the court must assume defendants acted with malicious intent if plaintiff's evidence shows a genuine dispute on the issue.

10

Dean, 984 F.3d at 310. As a result, defendants White and Lowry were on fair notice that their conduct violated plaintiff's clearly established right to be free from excessive force in the context here.

As for the failure to protect claim against defendant Tubbs, the question is whether it was clearly established in 2022 that a correctional officer violates an inmate's Eighth Amendment rights when he observes an unprovoked attack on another inmate and fails to intervene. See Younger, 79 F.4th at 386. "[B]y June 2000, it was clearly established in the Fourth Circuit that 'a correctional officer who stands by as a passive observer and takes no action whatsoever to intervene during an assault violates the rights of the victim inmate.'" Thompson, 878 F.3d at 109 (relying on Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 773 (4th Cir. 2003)). "Reasonable officials would understand Odom to mean that inmates have an Eighth Amendment right to be protected from malicious attacks, not just by other inmates, but also from the very officials tasked with ensuring their security." Id. Accordingly, at the summary judgment stage of the case, defendant Tubbs is not entitled to qualified immunity on the clearly established prong.

Finally, plaintiff also asserts state law claim for assault and battery. As to the merits, the assault and battery claim is "subsumed within the federal excessive force claim and so" tracks the outcome of the federal claim. Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994).

Defendants also assert that the state law claim is barred by public officer immunity. Such immunity from suit arises "as long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption." Smith v. State, 289 N.C. 303, 331 (1976). Thus, "[p]ublic official immunity is unavailable to officers who violate clearly established rights

11

because an officer acts with malice when he does that which a man of reasonable intelligence would know to be contrary to his duty." Caraway v. City of Pineville, 111 F.4th 369, 386 (4th Cir. 2024).

Because the court finds herein triable issues of fact on whether defendants acted with malice and violated clearly established law, defendants are not entitled to public officer immunity at this stage of the litigation. See id.; Cooper v. Sheehan, 735 F.3d 153, 160 (4th Cir. 2013) ("Inasmuch as the analysis of public officers' immunity is functionally identical to our discussion of the officers' entitlement to qualified immunity with respect to the § 1983 claims, the state law claims are subsumed withing the federal excessive force claims and so go forward as well"); see also Est. of Lopez by Lopez v. Hamilton, No. 23-1832, 2024 WL 2746975, at *5 (4th Cir. May 29, 2024) ("Because we conclude that, under the facts alleged, Officer Hamilton violated Lopez's clearly established rights, we also conclude that he is not entitled to public official immunity.").

C.  Motion to Seal

Finally, defendants move to seal their statement of material facts and appendix of exhibits thereto. The court has reviewed and considered the motion under the governing standard. Doe v. Public Citizen, 749 F.3d 246, 266–67, 272 (4th Cir. 2014). Plaintiff does not oppose sealing these records, and the public has received adequate notice of the motion to seal. Plaintiff's interest in the confidentiality of his medical records requires sealing in this instance. See Local Civil R. 26.1(a)(1). Accordingly, the motion to seal is granted on the terms set forth below.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 34) is DENIED. Before entering a trial scheduling order, the court requires that the parties participate in a court-

hosted settlement conference. Accordingly, pursuant to Local Alternative Dispute Rule 101.1, EDNC, this case is REFERRED to United States Magistrate Judge Robert T. Numbers, II, for a court-hosted settlement conference, for the purpose of resolving all remaining issues in dispute. The magistrate judge will notify the parties how he wishes to proceed. Any decision regarding appointment of counsel for plaintiff for purposes of the settlement conference shall be within the magistrate judge's discretion. In the event the parties do not reach a resolution of this action, further order regarding trial planning and scheduling will follow.

Defendants' motion to seal (DE 39) is GRANTED and the clerk shall maintain docket entries 35 and 37 under seal, including all exhibits thereto.

SO ORDERED, this the 25th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge