IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03388-FL

**Matthew R. Hundley**,

    Plaintiff,

v.

**Keno White**, et al.,

    Defendants.

**Order**

Less than two weeks ago, the court sanctioned the North Carolina Department of Justice and recounted the numerous times its attorneys have violated federal court orders. *Mayo* v. *Rocky Mount Police Dep't*, -- F. Supp. 3d --, 2025 WL 2952905 (E.D.N.C. Oct. 17, 2025). Despite those sanctions, the court is confronted with yet another attorney affiliated with NCDOJ—this time outside counsel retained to litigate this case—who violated a court order.

Last month, the court ordered the parties to participate in a court-hosted settlement conference. Sep. 26, 2025 Order, D.E. 50. The order setting the settlement conference required that if "a natural person is a named party, that party must be present at the settlement conference."[1] *Id.* at 1. Anyone who wanted to be excused from attending needed to obtain the court's permission to not appear. *Id.* at 2. The order cautioned that the court may sanction anyone who violated its terms. *Id.* at 6.

Despite the explicit instruction that parties must appear at the settlement conference, the Defendants were not present when the settlement conference began. Ripley E. Rand, an attorney representing the Defendants, apologized and told the court that it was his fault that the Defendants

---

[1] The Court's Local Alternative Dispute Resolution Rules also require individual parties to be physically present at a court-hosted settlement conference. Local ADR Rule 101.2(d)(1)(i).

were not present. He claimed that he confused this matter with another case in which his had been excused from attending. So he believed that the Defendants did not have to be present.

The court orders that within seven days from entry of this order, Ripley E. Rand must submit a declaration under the penalty of perjury that includes

1. The identifying information for the case he claims to have confused with this case in which his clients were excused from attending a court-hosted settlement conference.

2. Copies of any motions, orders, or correspondence in that case that seek or grant relief allowing his clients to not attend.

3. Any other documents or information supporting his claim that the Defendants failure to appear was the result of a misunderstanding or miscommunication.

Any documents that contain attorney-client communications or attorney work product may be filed under seal.

The court will retain jurisdiction over this matter to address the appropriate sanctions to impose for violation of its order.

Dated: October 28, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge